UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **CITIZENS SECURITIES, INC.**, <br><br> Plaintiff, <br><br> v. <br><br> **MICHALEK, et al.**, <br><br> Defendant. | 2:20-cv-13046 <br><br> **ORDER GRANTING TEMPORARY RESTRAINING ORDER** |

This Court, having read and considered the Complaint on file in this action by Citizens Securities, Inc. ("Citizens"), Citizens' Motion for Temporary Restraining Order and Preliminary Injunction and Supplemental Briefing, ECF Nos. 1, 2, and 12, as well as Defendants Joel Michalek's and Michalek Brothers Investment Management's, ("Defendants"), Response, ECF No. 15, and the parties' arguments made during the December 16, 2020 hearing, and being fully advised of the premises, and good cause appearing therefore, hereby finds and orders as follows:

Pursuant to Federal Rule of Civil Procedure 65(b), this Court finds the following:

1. Citizens has demonstrated a likelihood of success on the merits of its claims against Defendants;

2. Citizens will suffer irreparable harm if Defendants are permitted to continue to misappropriate and use Citizens' trade secret customer information;

3. Citizens has no adequate remedy at law;

4. Greater injury will be inflicted upon Citizens by denial of injunctive relief than would be inflicted upon Defendants by the granting of such relief;

5. The issuance of injunctive relief will serve the public interest in the protection of proprietary business and customer information and Citizens' trade secret information, as well as by safeguarding Citizens' customer's personal information; and

6. Under Rule 13804 of the Financial Industry Regulatory Authority ("FINRA") Code of Arbitration Procedure, Citizens is required to seek interim injunctive relief in a Court of competent jurisdiction in order to proceed to an expedited arbitration hearing on the merits before a panel of duly appointed arbitrators.

For those reasons, **IT IS HEREBY ORDERED THAT**:

A. Plaintiff's Motion for Temporary Restraining Order is **GRANTED**.

B. Defendants and all persons or entities acting in concert with them, including but not limited to LPL Financial LLC ("LPL"), are hereby restrained and enjoined as follows:

   i. From creating, recreating from memory, using, disclosing, transmitting or continuing to possess for any purpose, any records or documents (whether in original, computerized, electronic, hard-copy, hand-written or memorialized in any other form) containing information pertaining to Citizens Securities Inc. or Citizens Bank N.A. customers or prospective customers whom Joel Michalek served or whose names

    became known to him while in the employ of Citizens including, but not limited to, names, addresses, telephone numbers, email addresses and personal and financial information. This provision does not prohibit Defendants from using, disclosing, transmitting or continuing to possess information provided to Defendants by customers after Michalek was no longer employed by Citizens;

ii. From altering, destroying, using, disclosing, or transmitting Citizens' records or the information contained therein, including but not limited to the names, addresses, email addresses, telephone numbers, and financial information of Citizens' current and prospective clients;

iii. Defendants and anyone acting in concert with them are ordered to return to Citizens any and all records and documents in any form, received or removed from Citizens by Joel Michalek containing information pertaining to customers or prospective customers of Citizens whom he served or whose name became known to him while in the employ of Citizens, within five days from the entry of this Order, including any and all copies. This requirement includes all records or documents, in any form, created by Joel Michalek or Michalek Brothers Investment Management, Inc., or anyone acting in concert with them, based on documents or information that were received or removed from Citizens by Michalek, as well as any records, documents and/or information created or recreated from memory or otherwise by Michalek either during or after the termination of his employment with Citizens that contain information pertaining to Citizens customers Michalek became aware of through his employment with Citizens. Mr. Michalek and Michalek Brothers Investment Management, Inc. may, in addition to providing copies to Citizens, retain copies of such information for persons who have assets under management with Mr.

3

Michalek or Michalek Brothers Investment Management Inc. as of December 16, 2020;

    iv.    For electronically maintained information, after printing a copy to return, Defendants shall secure the deletion of that information from all computer files or other electronic equipment, including, cellular telephones, personal data assistants, DVDs, CD–ROMs, USB storage devices, floppy disks, Zip drives, flash drives memory cards or other electronic devices as well as social media accounts (i.e. LinkedIn, Facebook) within Michalek's or Michalek Brothers Investment Management, Inc.'s custody or control. Mr. Michalek and Michalek Brothers Investment Management, Inc. may, in addition to providing copies to Citizens, retain copies of such information for persons who have assets under management with Mr. Michalek or Michalek Brothers Investment Management Inc. as of December 16, 2020;

    v.    Mr. Michalek and Michalek Bros. Inc. must fully disclose each contact that they have had with Citizens' customers since Mr. Michalek's resignation, including the name of each customer contacted, the manner of contact (telephone call, letter, text message, etc.), the date of each communication, what was discussed during each communication, and copies of all letters sent to customers within five days of the entry of this Order;

    vi.    Defendants shall file a declaration attesting that they have returned to Citizens all information subject to this Court's Order and deleted all Citizens information from any electronic devices within their possession, custody or control (except as expressly permitted above) within seven days from the entry of the Court's order;

    vii. Joel Michalek and Michalek Brothers Investment Management, Inc. are enjoined, effective immediately and continuing until order of the FINRA Arbitration panel, from soliciting, whether directly or indirectly, and whether alone or in concert with others, any business from any Citizens customer whom he served or whose name became known to him while in the employ of Citizens, including, without limitation, all customers he learned of through his employment with Citizens;

    viii. From altering any of Joel Michalek's or Michalek Bros. Inc.'s computer environments including desktops, laptops, tablets, and smart phones or mobile devices, including those that Joel Michalek uses at or for LPL, pending further order of this Court.

    ix. Michalek Brothers Investment Management, Inc. shall notify the Court and opposing counsel in writing within three days of this order whether it will consent to be bound by a FINRA arbitration of Citizens's claims. If it does not consent to arbitrate the merits of Citizens's claims against it in the FINRA arbitration, this Court will enter a scheduling order;

    x. This Order is effective immediately and does not require the posting of a bond;

C. **IT IS FURTHER ORDERED THAT** the Temporary Restraining Order shall remain in effect until the date of the hearing on the preliminary injunction set forth below, or such further dates as set by the Court, unless Defendants stipulate, or do not object, to a preliminary injunction.

D. **IT IS HEREBY ORDERED THAT** the parties shall appear and Defendants show cause before this Court on January 7, 2021 at 2:00 PM, but on a date no later than the expiration of this Temporary

5

Restraining Order, why a preliminary injunction pursuant to Federal Rule Civil Procedure 65 should not be issued, which would enjoin and restrain Defendants and all other persons in active concert or participation with them, including but not limited to LPL, pending the final hearing and determination of this action, from directly or indirectly, in accordance with the terms stated in section B.

**IT IS SO ORDERED.**

Dated: December 22, 2020     s/Terrence G. Berg
　　　　　　　　　　　　　　　TERRENCE G. BERG
　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE